KITCHENS, Justice,
concurring in part and dissenting in part:
¶ 56. As explained in my dissent, Wilson v. State, 21 So.Sd 572, 593-594 (Miss. 2009), the record that was before us on direct appeal demonstrated that Wilson was denied his Sixth Amendment right to assistance of counsel. U.S. Const, amend. VI. Thus, rather than remanding for an evidentiary hearing, I would reverse his conviction and sentence and remand the case for a new trial. See Miss.Code Ann. § 99-39-27(7)(a) (Rev.2007) (providing that the Court may, “[wjhere sufficient facts exist from the face of the application, motion, exhibits, the prior record and the state’s response, together with any exhibits submitted with those documents, or upon stipulation of the parties, grant or deny any or all relief requested in the attached motion.”) Therefore, I concur with the majority to the extent that it finds Wilson is entitled to post-conviction relief, but disagree with regard to what relief is warranted.
DICKINSON, P.J., AND KING, J., JOIN THIS OPINION.